# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JUSTIN PAUL SULZNER, CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES, and WATCHTOWER BIBLE & TRACT SOCIETY, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES INTELLIGENCE AGENCY, <br><br> Defendant. | No. 20-CV-61 CJW-MAR <br><br><br> **ORDER** |

## *I.  BACKGROUND*

This matter is before the Court on plaintiff Justin Sulzner's (plaintiff) pro se complaint. (Doc. 1). In his complaint, brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), plaintiff alleges that the "United States Intelligence Agency" is conspiring to subvert and overtake the two religious organizations he lists as co-plaintiffs. Plaintiff has also filed a motion to proceed in forma pauperis (Doc. 2), a motion to appoint counsel (Doc. 3), a second motion to appoint counsel (Doc. 6), a motion for a preliminary injunction (Doc. 7), a pro se motion for service (Doc. 11), a pro se motion for a status conference (Doc. 12), and a second pro se motion for status conference (Doc. 15).

For the following reasons, the Court **grants** plaintiff's motion to proceed in forma pauperis, but **dismisses** his complaint with prejudice and **denies** all other motions.

## II. MOTIONS TO PROCEED IN FORMA PAUPERIS

Plaintiff did not pay the $400 filing fee and has instead filed a motion to proceed in forma pauperis.[1] In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. 28 U.S.C. § 1915(a)(1). Additionally, "[s]uch affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." *Id*. In his filing, plaintiff states he has no income and few assets. Accordingly, his motion to proceed in forma pauperis (Doc. 2) is **granted**. The Clerk of Court is directed to consider the complaint (Doc. 1) as filed without the prepayment of fees.[2]

## III. INITIAL REVIEW STANDARD

There is some debate about a court's ability to dismiss, preservice, a meritless case filed by a non-prisoner. When a court allows a prisoner to proceed in forma pauperis, there is clear statutory authorization to conduct an "initial review" to see whether the claim is viable. 28 U.S.C. § 1915A. Neither Section 1915 nor Section 1915A, however, explicitly authorizes a court to conduct an initial review in non-prisoner cases. *Johnson v. Bloomington Police*, 193 F. Supp. 3d 1020, 1023 (D. Minn. 2016) (citing *Porter v. Fox*, 99 F.3d 271, 273 (8th Cir. 1996)). Nevertheless, even in the case of a non-prisoner plaintiff, a court may dismiss a filing if it is clearly frivolous. *Id*. Frivolousness is a higher standard than mere failure to state a claim under the Federal

---

[1] This includes the $350 filing fee required by 28 U.S.C. § 1914(a) and the additional $50.00 administrative fee required when filing civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $50. . .").

[2] The religious organization plaintiffs did not pay the filing fee or file a motion to proceed in forma pauperis. Nevertheless, because the claims in this case fail for the reasons discussed below, and there is no indication those plaintiffs are properly represented in this case, the Court need not further address the filing fee issue.

2

Rules of Civil Procedure. "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Additionally, Section 1915 states that a court may dismiss, at any time, an in forma pauperis case that fails to state a claim under the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Benter v. Iowa, Dep't of Transp.*, 221 Fed. App'x 471 (8th Cir. 2007) (unpublished). Accordingly, many courts, including this Court, rely on Section 1915(e)(2) to dismiss, preservice, in forma pauperis complaints that clearly fail to state cognizable claims.

## IV. ANALYSIS

### A. Standards

#### 1. Bivens Standard

Giving plaintiff's filings the most generous possible construction, he seems to be alleging that a federal government agency is violating his civil rights by infiltrating and overtaking the church of which he is a member. Plaintiff indicates he is bringing this claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

> As a general rule, *Bivens* claims and § 1983 claims are almost identical and involve the same analysis. *See Gordon*, 168 F.3d at 1113 ("An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." (citation omitted)); *Duffy v. Wolle*, 123 F.3d 1026, 1037 (8th Cir. 1997) (recognizing that the § 1983 body of law applies to *Bivens* actions).

*Solomon v. Petray*, 795 F.3d 777, 789 n.7 (8th Cir. 2015); *see also Wright v. United States*, 813 F.3d 689, 695 (8th Cir. 2015) (applying excessive force standards in a *Bivens* action against the US Marshals Service).

3

> Title 42, United States Code, Section 1983 provides, in relevant part:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

Section 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). Nevertheless, Section 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (stating that Section 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means Section 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under Section 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Complaint

Plaintiff's theory is that the "United States Intelligence Agency" has been putting agents into the religious organizations he listed as co-plaintiffs, initially for the purpose

4

of investigating those organizations, and subsequently for the purpose of controlling and ultimately eliminating them. Plaintiff maintains that he has uncovered this plot through Freedom of Information Act requests.

Plaintiff's complaint fails for several reasons. First, there is no indication that plaintiff is an attorney, or would otherwise have authority to prosecute this case on behalf of the other plaintiffs, as, generally, a pro se plaintiff cannot represent the interests of third parties. *See Rodriguez v. Eastman Kodak Co.*, 88 Fed. App'x 470, 471 (2d Cir. 2004); *see also Crozier v. Westside Cmty. Sch. District et al.*, --- F.3d ----, 2020 WL 5223512, at *3 (8th Cir. 2020) (stating that in a Section 1983 case, pro se parents cannot represent the interests of their minor child). Second, plaintiff has not identified any individual defendants. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Thus, plaintiff's complaint is deficient and must be denied.[3] Third, plaintiff's complaint fails to include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Generally, pro se filings are held to lower standards than pleadings filed by attorneys. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). Nevertheless, even under the most generous pleading standard, plaintiff's complaint, and his other filings, are simply unsupported conclusions that this (for lack of a better term) conspiracy exists, and the filings are completely devoid of any indication that plaintiff would, individually, be entitled to relief even if the

---

[3] Plaintiff states that he is in fact bringing this case against individual government officers. Yet, he has not made any allegations related to any individual actions. Rather, he refers only to unspecific, collective, group activity. Accordingly, he has failed to comply with the standard articulated above.

5

allegations are true. Accordingly, plaintiff has failed to state a claim for which relief can be granted.

## V. CONCLUSION

For the reasons set out above:

1. Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **granted**. The Clerk of Court is directed to consider the complaint (Doc. 1) as filed without the prepayment of fees.

2. After initial review, the complaint is **denied** for the reasons set out above. Accordingly, this case is **dismissed with prejudice**.

3. Plaintiff's remaining motions (Docs. 3, 6, 7, 11, 12 and 15) are **denied** as moot.

**IT IS SO ORDERED** this 3rd day of September, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa

6

Case 1:20-cv-00061-CJW-MAR   Document 16   Filed 09/03/20   Page 6 of 6